## HOWE & COOK, TO USE, v. ALFRED SHORT.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 28, 1890—Decided May 26, 1890.

(*a*) The two joint owners thereof transferred a productive oil-leasehold to a trustee to pay specific debts of the assignors, or to sell. One owner afterward transferred his interest in the same leasehold to a third person, by an assignment which was put on record.

(*b*) After this second assignment, but without actual knowledge thereof, the trustee accepted an order drawn upon him by both assignors on the day the second assignment was made, in favor of another creditor, and payment being afterwards refused, suit was brought thereon:

1. In such case, the trustee having taken possession at once under the transfer to him, the second assignment did not affect his title, nor justify pay-

ment by him to the second assignee for the release of his interest, as against the holder of the order accepted by the trustee.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.                                                    . . . .

No. 178 July Term 1889, Sup. Ct.; court below, No. 43 February Term 1885, C. P.

On November 20, 1884, Howe & Cook, for the use of the Sill Farm Oil Co., brought assumpsit against Alfred Short.  Issue.

At a trial on March 21, 1887, the jury returned a verdict for the plaintiff for $885.36; but on August 1, 1887, a rule for a new trial having been made absolute, the parties by agreement submitted the cause to the decision of the court, GUNNISON, P. J., without a jury, under the act of April 22, 1874, P. L. 109.

On the hearing before the court, the facts found were in substance as follows:

On March 1, 1878, and, by a subsequent instrument, on September 10, 1878, J. W. Hoyt and H. W. Eaton, being the owners of a productive leasehold of ten acres of oil land, assigned the same to Alfred Short upon the terms that Short should operate the wells thereon and out of the proceeds pay certain specified debts of the assignors, with power also to make sale of the leasehold at his discretion.  Possession was taken by the assignee, under the assignment, on September 10, 1878, and operations begun by him.

On November 12, 1888, J. W. Hoyt made an assignment of his one half interest in the leasehold and property and appliances thereon to Betsey Hoyt, in consideration of moneys loaned by her to him.  This assignment was duly acknowledged, and was recorded on November 18, 1878.

On the same day, November 18th, Hoyt and Eaton gave to Howe & Cook an order on Alfred Short to pay to Howe & Cook $885.36, on " account of the proceeds of oil wells obtained of us, after you receive pay for moneys loaned us and expenses, etc., specified to be paid heretofore."  On November 25, 1878, this order was accepted by Short, and at that time he had no actual knowledge of the assignment of November 12th to Betsey Hoyt.

Afterward John P. Zane purchased Eaton's interest in the leasehold at constable's sale, and then Short sold to him five

acres of the leasehold in consideration of $550. The record of the assignment of November 12th to Betsey Hoyt was then discovered by Short, who paid Betsey Hoyt $300 to have her release the interest in the lands claimed by her.

Howe & Cook having assigned their order to the Sill Farm Oil Co., this suit was brought against Short to recover thereon. Defence was made on the ground that after paying the necessary expenses of operating, the debts of Hoyt and Eaton specified in the assignment, and the $300 paid to Betsey Hoyt, there was nothing left in the hands of Short to apply to the order.

To justify his payment of $300 to Betsey Hoyt, the defendant offered in evidence the assignment of J. W. Hoyt to Betsey Hoyt, dated November 12, 1878.

Objected to, as incompetent and irrelevant.

By the court: I do not think it is competent. It would not harm the title of Mr. Short a particle, in my opinion. . . . . Therefore, if he paid that, it would not follow that he had any right to credit for it. That was an assignment of personal property that had already been sold or assigned by Mr. Hoyt and possession delivered to his first vendee; and, unless you can show that the law required such an assignment to be recorded, it would not affect his title. It is prior to the acceptance of the order, but subsequent to the assignment to Short and his taking possession of the property; exception.[1]

As to the payment by Short to Betsey Hoyt, the court ruled further as follows:

" His payments on account of the debts to be paid by him from the production I find correct, with the exception of the payment to Betsey Hoyt for obtaining her release of a claim made upon the property. Her claim was upon the order given her by J. W. Hoyt, called by some of the witnesses a mortgage, of which Short had no knowledge until long after he had accepted the order in favor of the plaintiffs, and which should be postponed, in payment, to their claim." Exception.[2]

The court thereupon stated an account of the receipts and expenditures of the defendant, authorized by the assignment to him, and on June 24, 1890, filed an order directing judgment to be entered for the plaintiffs for $775.68.

Exceptions to the findings and decision having been filed,

after argument thereof they were dismissed, and judgment having been entered in accordance with the previous order, the defendant took this appeal, assigning for error: 1. The refusal of the defendant's offer.    2. The refusal of the credit of $300 claimed by the defendant.

Mr. George A. Allen (with him Mr. L. Rosenzweig), for the appellant.

Counsel cited: Fahnestock's App., 104 Pa. 52; Perry on Trusts, § 915.

Mr. F. W. Hastings, for the appellees, filed no brief.

PER CURIAM:

By agreement of parties, trial by jury was dispensed with, and this case was submitted to the court below under the provisions of the act of April 22, 1874.

The only question presented by the specifications of error is whether the learned judge was right in refusing to allow defendant credit for $300 paid to Betsey Hoyt on November 12, 1881, for the purpose of obtaining her release. An examination of the learned judge's findings of fact and conclusions of law has satisfied us that there was no error in rejecting the evidence referred to in the first specification, nor in refusing to allow the credit which constitutes the subject of complaint in the second specification of error.

Judgment affirmed.